## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

LARRY OLIVAREZ
ADC # 146983                                                                              PLAINTIFF

V.                                    5:16-cv-00241-BSM-JJV

RODNEY BROWN,
Correctional Property Sergeant, *et al.*,                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Larry Olivarez,  is incarcerated at the Varner Unit of the Arkansas Department of

Correction.  He filed this action *pro se* pursuant to 42 U.S.C. § 1983, making numerous allegations

against numerous defendants.  But after careful review of Plaintiff's Complaint, I find he fails to

state a claim upon which relief may be granted.  Therefore, for the following reasons, I recommend

Plaintiff's Complaint be DISMISSED.

## I.      SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a

governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from

a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint cannot simply "le[ave] open the

possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery."

*Id*. at 562 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge

the[ ] claims across the line from conceivable to plausible." *Id.* at 570. In reviewing a *pro se*

complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal

construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual

allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v.*

*Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless

whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts

sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

## II.     CLAIMS

Plaintiff initially filed this cause of action based on issues regarding his placement in

segregation on Behavior Control. (Doc. No. 2.) I found no constitutional claim and recommended

dismissal. (Doc. No. 4.) Plaintiff objected and filed a Motion to Amend Complaint. (Docs. No. 5,

6.) Accordingly, the matter was remanded back to me and Plaintiff filed his Amended Complaint.

(Docs. No. 7, 8.) I have now screened Plaintiff's Amended Complaint and, for the following

reasons, I recommend it too should be dismissed.

In his Amended Complaint, Plaintiff says that, on December 30, 2014, he was placed on

Behavior Control whereby he was stripped of all personal belongings and placed in a cell with only

a blanket, half of a roll of toilet paper, and a paper gown. (Doc. No. 8 at 2.) Plaintiff says Defendant

Daniels violated prison policy with regard to his duration on Behavior Control and the manner in

which it was implemented. (*Id.* at 3.) Plaintiff also says he was extremely cold leading to him

becoming sick and that after being released, not all of his property was returned. (*Id.* at 4-5.)

Plaintiff also makes numerous other allegations against numerous defendants unrelated to his Behavior Control allegation. Plaintiff's other allegations span from January 5, 2015 to June 12, 2016. The Amended Complaint alleges, *inter alia*, that: Defendant Lundy engaged in a pattern of spitting in his food and verbally harassing him (*Id.* at 5-7); Defendant Brown refuses to return his personal property - including his legal pleadings and materials (*Id.* at 7); Defendant Harrington placed Plaintiff on Behavior Control in violation of policy and depriving him of his personal property (*Id.* at 8-9); Defendant Brown filed false and dishonest forms (*Id.*); unnamed prison officials harassed and retaliated against Plaintiff (*Id.* at 11); Plaintiff has been subjected to unconstitutional conditions of confinement (*Id.*); Defendant Cofield refused to allow Plaintiff the opportunity to file an emergency grievance jeopardizing his health and well being (*Id.*); Defendant Cofield retaliated against Plaintiff and filed a false disciplinary against him (*Id.* at 12); Defendant Cofield provided a food tray to Plaintiff with spit on it (*Id*. at 12-13); Defendant Smith served him a food tray with spit on it (*Id.* at 13); prison administrators failed to act against his allegations of retaliation and harassment (*Id.*); Defendants Plumer and Garcia spit in his food and drink (*Id.* at 14); Defendant Moore provided Plaintiff a food tray with spit on it (*Id.* at 15); Defendant Stewart spit in his food and drink and continued to harass Plaintiff (*Id.*); Defendant Stewart failed to give Plaintiff his mail (*Id.* at 16); Defendant Foster provided Plaintiff with a food tray with spit on it (*Id.* at 18); Defendant Daniels provided Plaintiff with a food tray with spit on it (*Id.*); Defendant Williams provided Plaintiff with a food tray with spit on it (*Id.* at 19); Defendant Allen failed to provide Plaintiff with his mail and provided Plaintiff with a food tray with spit on it (*Id.* at 19-20); Defendant Steward provided Plaintiff with a food tray with spit on it (*Id.* at 20-21); and prison officials are failing to

4

properly redress Plaintiff's issues and, as a result, he is suffering irreparable harm (*Id.* at 22).

Plaintiff claims Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments (*Id*. at 29-31). Mr. Olivarez seeks declaratory and injunctive relief, as well money damages (*Id.* at 33-35).

## III.   ANALYSIS

As an initial matter, Mr. Olivarez has alleged multiple, unrelated claims which are unsuited to prosecution in a single action. *See* Fed. R. Civ. P. 20(a)(2). Allowing all of Mr. Olivarez's unrelated claims to proceed in this single cause of action would be contrary to the Federal Rules of Civil Procedure and defeat the "strike" and filing fee provisions of the Prison Litigation Reform Act. Therefore, I will analyze only his first claim regarding his placement on Behavior Control and recommend summary dismissal of all the remaining unrelated claims. Mr. Olivarez, if he chooses, may file separate causes of action for these other claims.

### A.  Fourteenth Amendment

Although I am sympathetic to Mr. Olivarez's predicament, he is unable to state a viable due process claim. It is settled law that a valid Fourteenth Amendment due process claim requires a plaintiff to "demonstrate that he was deprived of life, liberty, or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Placement on Behavior Control would implicate a liberty interest <u>only</u> where the punishment results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The punishment Plaintiff describes in his Amended Complaint does not rise to such an atypical hardship. *See  Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship); *Driscoll v. Youngman*, 1997 U.S. App. LEXIS 26232, 1997 WL 581072 (8th Cir. 1997) (unpublished decision) (135 days in

disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not amount to an atypical and significant hardship); *Ballinger v. Cedar Cnty.*, 810 F.3d 557, 562 (8th Cir. 2016) (finding no atypical hardship where claimant alleged reduced access to showers, telephone use, exercise, and social interaction with others); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (no atypical hardship where claimants' cells "were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above.") Furthermore, in *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), the Court stated, "We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship," and held that the absence of contact visitation, exercise privileges, and chapel rights for 37 days did not constitute an atypical and significant hardship.

Moreover, any claim based solely on Defendants' failure to follow Arkansas Department of Correction policy or regulation also fails. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (holding that "there is no § 1983 liability for violating prison policy.") Lastly, no claim may proceed based solely on the claim that the disciplinary charge which led to Plaintiff's conviction was false. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).

I note this conclusion is consistent with other decisions of this Court. *See Williams v. Cox*, No. 2-09-cv-00094 JMM-HLJ, 2009 WL 2762488 (E.D. Ark. August 28, 2009)(dismissal at screening because placement on Behavior Control for five days did not amount to a constitutional violation). Accordingly, Plaintiff's placement in Behavior Control as alleged in his Amended Complaint does not allege a deprivation which qualifies as atypical and significant. Within the context of *Sandin*, *supra*, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Plaintiff's claims regarding his personal property also fail to state a viable claim. When a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if state law provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984). In Arkansas, a plaintiff may maintain an action for conversion[1] against defendants and thus has an adequate state law remedy.[2]

**B. Eighth Amendment**

Mr. Olivarez claims he was subjected to cruel and unusual punishment because he was placed on Behavior Control status where he was given only a blanket, half of a roll of toilet paper, and a paper gown. (Doc. No. 8 at 2.) Conditions of confinement and the treatment of prisoners are subject to Eighth Amendment scrutiny. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "To make out an Eighth Amendment violation a plaintiff must show a serious deprivation of 'the minimal civilized measure of life's necessities' and 'offending conduct [that is] wanton.'" *Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1994)).

The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care" and that reasonable measures are taken to ensure the safety of the inmates. *Farmer*, 511 U.S. at 832-33. Prison conditions will violate the Eighth Amendment only when they "involve the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The "Constitution does not mandate comfortable prisons" but it does prohibit

---

[1]Conversion is a common-law tort action for the wrongful possession or disposition of another's property. *Jackson v. Smith*, No. CA09-1374, 2010 WL 4112906, (Ark. App. Oct. 20, 2010).

[2]*Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (holding that a detainee could not bring a § 1983 claim against county employees for the loss of personal property because, under Arkansas law, he could bring a conversion action in state court).

"inhumane ones." *Farmer*, 511 U.S. at 832-33.

To state an Eighth Amendment claim, Mr. Olivarez must show: "(1) the alleged deprivation is, 'objectively, sufficiently serious,' resulting 'in the denial of the minimal civilized measure of life's necessities,' and (2) the prison officials were deliberately indifferent to 'an excessive risk to inmate health or safety,' meaning that the officials actually knew of and disregarded the risk." *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994)).

The subjective component "requires proof of a reckless disregard of a known risk." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (quoting *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Id.*

I find the holding in *Williams v. Delo*, 49 F.3d 442 (8th Cir. 1995), to be helpful in analyzing Mr. Olivarez's claims. Williams was placed in the strip cell after attacking his wife in the prison visiting room and continuing to display aggressive behavior towards prison guards. *Id*. at 444. In the strip cell, Williams was forced to remove all of his clothing. *Id*. The strip cell had a light, toilet, and sink, but the mattress had been removed and the water had been shut off. *Id*. Because the water had been shut off, Williams could not flush the toilet or wash his hands. *Id*. Williams repeatedly asked that the water be turned on and for a tooth brush, toothpaste, deodorant, soap, sheets, blankets, pillow cases, pillow, mattress, legal mail, and clothing; all were denied. *Id*. Williams experienced

these conditions of confinement for four days.  *Id*.

Williams alleged that "the conditions he encountered while confined in the strip cell constituted cruel and unusual punishment because they resulted in physical injury and substantial pain, misery, anguish, and other similar harm." *Id*. at 444.  The United States Court of Appeals for the Eighth Circuit concluded that "Williams failed to present any evidence tending to establish that the conditions in the strip cell denied him the 'minimal civilized measure of life's necessities.'" *Id*. at 445.  The court recognized its longstanding precedent that "there is no absolute Eighth Amendment right not be put in a cell without clothes or bedding."  *Id*. at 446 (citing *Johnson v. Boreani*, 946 F.2d 67, 71 (8th Cir. 1991)).  The court further stated that "[n]othing in the record indicates that Williams suffered any injuries or that his health was impaired as a result of his four-day confinement in the strip cell.  At most, Williams's evidence shows only that he felt some discomfort." *Id*.[3]

Considering these claims in a light most favorable to Mr. Olivarez, I find he fails to state a viable Eighth Amendment Claim.  I note that Mr. Olivarez says, "while on behavior control Plaintiff has been visited by sick call nurses due to him becoming sick in which he placed a form in that's now documented in his official medical records."  (Doc. No. 8 at 4.)  But this fact does not change my finding in this regard.

---

[3]*See also O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82 (8th Cir. 1996) (finding that several days without underwear, mattress, blankets, or exercise did not violate the Eighth Amendment); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963 (8th Cir. 1995) (finding no Eighth Amendment violation when inmate was placed in "strip cell" for two days without clothing, bedding, or running water, with a concrete floor, a concrete slab for a bed, and cold air blowing on him).

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 8) be DISMISSED without prejudice for failure

to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[4]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

*pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 14th day of September, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[4] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."